**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

ALONZO DEVON CAMPBELL,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.
_____/

CRIMINAL CASE NO. 07-CR-20032
CIVIL CASE NO. 12-CV-14805

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 56)

**I.     RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED**.

**II.    REPORT**

    **A.     Introduction**

Pending, pursuant to an order of reference from United States District Judge Thomas L. Ludington, is the above-entitled motion, which was filed pursuant to 28 U.S.C. § 2255, to vacate the federal custodial sentence of Alonzo Devon Campbell ("Campbell"). (Doc. 56.) The government responded to the motion on January 14, 2013. (Doc. 62.) Therefore, pursuant to E.D. Mich. LR 7.1(f)(2), the motion is ready for Report and Recommendation without oral argument.

    **B.     Background**

Campbell was charged in a seven-count indictment with distribution of less than 500 grams of a mixture containing cocaine in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(C) on December 11, 2006 (Count 1); distribution of five grams or more of a substance containing cocaine base in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) on December 14, 2006 (Count 2); possession with intent to distribute less than 500 grams of a mixture containing cocaine in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(C) on December 15, 2006 (Count 3); use and maintenance of a residence at 1100 Fraser Street, Bay City, Michigan, for the purpose of unlawfully manufacturing, distributing and using quantities of controlled substances in violation of 18 U.S.C. § 856(a)(1) and (b) from a date unknown until December 15, 2006 (Count 4); felon in possession of a firearm in and affecting interstate commerce in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) on December 15, 2006 (Count 5); possession of a firearm which had the manufacturer's serial number obliterated and had traveled in interstate commerce in violation of 18 U.S.C. § 922(k) on December 15, 2006 (Count 6); and possession of a stolen firearm that had been shipped in interstate commerce in violation of 18 U.S.C. § 922(j) on December 15, 2006 (Count 7). (Doc. 3.)

On July 11, 2007, Campbell pleaded guilty to Count 2 of the indictment before U.S. District Judge Thomas L. Ludington pursuant to a Rule 11 plea agreement filed on the same day. (Doc. 23.) All other counts were dismissed. (*Id.*)

In the plea agreement, the government and Campbell stipulated that, among other items, Campbell is a career offender under the provisions of U.S.S.G. § 4B1.1 and that the "government does not object to the Court granting the defendant a departure/variance such that the sentence imposed is the statutory mandatory minimum of 120 months." (Doc. 23 at 2.) The government and

2

Campbell also agreed that the applicable guideline range was 262 to 327 months, as calculated in worksheets attached to the agreement. (Doc. 23 at 3.)

On February 13, 2008, after considering the 18 U.S.C. § 3553 factors, the Court sentenced Campbell to a prison term of 240 months. (Doc. 50.) On February 25, 2008, judgment was entered and Campbell was committed to the Bureau of Prisons for 240 months. (Doc. 37 at 2.)

Campbell appealed and the Sixth Circuit affirmed Campbell's sentence on September 6, 2011. (Doc. 52.)[1] Campbell argued on appeal that his sentence was procedurally unreasonable because the district court failed to acknowledge two non-frivolous arguments in favor of a lesser sentence: (1) the fact that the government did not object to a request for a 120-month sentence and (2) the severity of Campbell's mental health issues. (Doc. 52 at 6-9.) Campbell also argued that the district court failed to consider the § 3553(a) factors and failed to adequately explain its chosen sentence. (Doc. 52 at 9-11.) Finally, Campbell argued that the sentence was substantively unreasonable. (Doc. 52 at 11-13.)

Campbell filed the instant motion to vacate his sentence on October 25, 2012. (Doc. 56.) In the motion, Campbell contends that: (1) his sentence was improper under the Fair Sentencing Act of 2010, Amendment 750, which amended the drug quantity table and lowered the applicable sentencing guidelines; (2) his conviction and sentence was imposed in violation of the Sixth Amendment right to effective assistance of counsel since Campbell "didn't have a clear understanding of the court proceedings and plead on his counsel's erroneous prediction that he would receive a lower sentence by doing so"; (3) the "district court failed to comply with the standards established by the Supreme Court in *United States v. Rita*"; and (4) the district court

---

[1] The mandate issued on October 24, 2011. (Doc. 53.)

3

"failed to consider the movants 'diminished mental capacity' and 'mental condition' . . . for a downward departure to 120 months . . . ." (Doc. 56 at 4-8.)

### C. Analysis and Conclusions

#### 1. Standards

In order to prevail on a motion brought under 28 U.S.C. § 2255, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A section 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation or actual innocence. *Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1981). A post-conviction motion under section 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder*, 919 F.2d 34, 37 (6th Cir. 1990)).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of

4

'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

5

Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

**2.     Discussion**

**a.     Claims previously raised on appeal in the Sixth Circuit**

Campbell's arguments that the "district court failed to comply with the standards established by the Supreme Court in *United States v. Rita*" (ground three)[2] and that the district court "failed to consider the movants 'diminished mental capacity' and 'mental condition' . . . for a downward departure to 120 months" (ground four) were both raised and rejected on appeal. (Doc. 52 at 9-11) (Campbell argued on appeal that the court did not address his mental health issues and that the court failed to consider the § 3553(a) factors and failed to adequately explain its chosen sentence).

"[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Campbell has alleged no such exceptional circumstances justifying further review, and the record reveals none. I therefore suggest that these claims may be summarily dismissed as procedurally barred.

**b.     Claims not raised on appeal**

Plaintiff raises two claims that were not raised on appeal: (1) his sentence was improper under the Fair Sentencing Act of 2010, Amendment 750, which amended the drug quantity table and lowered the applicable sentencing guidelines, and (2) his conviction and sentence was imposed in violation of the Sixth Amendment right to effective assistance of counsel since Campbell "didn't

---

[2]*Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456, 168 L. Ed. 203 (2007), required the sentencing court to consider the factors under § 3553 and state its reasons for the sentence.

6

have a clear understanding of the court proceedings and plead on his counsel's erroneous prediction that he would receive a lower sentence by doing so." (Doc. 56.)

### i. Fair Sentencing Act

Campbell argues that he should be resentenced based on the Fair Sentencing Act of 2010, which amended 21 U.S.C. § 841(b)(1)(B)(iii). However, the Fair Sentencing Act does not apply retroactively, i.e., to offenders sentenced after the Act's effective date, which was August 3, 2010. *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010); *Dorsey v. United States*, ___ U.S. ___, 132 S. Ct. 2321, 2336, 183 L. Ed. 2d 250 (2012). Accordingly, I suggest that Campbell is not entitled to relief based on this ground.

### ii. Ineffective assistance regarding sentencing consequences

Campbell argues that his conviction and sentence was imposed in violation of the Sixth Amendment right to effective assistance of counsel since Campbell "didn't have a clear understanding of the court proceedings and plead on his counsel's erroneous prediction that he would receive a lower sentence by doing so." (Doc. 56.) A defense "attorney's inaccurate prediction of what sentence [a defendant] would receive upon pleading guilty does not rise to the level of a gross mischaracterization of the likely outcome of the case, and thus does not constitute ineffective assistance of counsel[.]" *Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990). In other words, "an attorney's mere inaccurate prediction of sentence does not demonstrate the deficiency component of [an] ineffective assistance of counsel claim." *United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999). Moreover, a proper plea colloquy "would trump such a prediction." *Valdez v. United States*, 201 F. App'x 324, 330 (6th Cir. 2006); *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999). In the instant case, the court complied with all the requirements of

7

Rule 11 and expressly reminded Campbell that the applicable guideline range was 262 to 277 months, that the court would apply the sentencing factors listed in § 3553, that the court was not bound by the guideline range but that it would not exceed the top of the range, and that the statutory mandatory minimum was 120 months. (Doc. 46 at 8-9.) Accordingly, I suggest that any inaccurate prediction was trumped by the court's thorough plea colloquy.

Finally, even if Campbell could establish that counsel's performance fell below an objective standard, I suggest that he cannot show prejudice. In order to show prejudice in the context of a guilty plea, petitioner must show that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed.2d 203 (1985). Here, Campbell does not even allege that he would have decided to go to trial absent counsel's advice, he merely asserts that his sentence should have been different. I suggest that Campbell is unable to show prejudice and thus his motion should be denied.

### 3. Conclusion

I therefore suggest that Campbell has not alleged any claims that could support a finding that his trial counsel was ineffective, that he was prejudiced by any alleged ineffectiveness, or that the district court proceedings were fundamentally unfair or unreliable. As a result, I suggest that the § 2255 motion be denied in its entirety and this civil case be dismissed.

### D. Evidentiary Hearing

Section 2255 states that "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and

make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 7787, 782 (6th Cir. 1999) (citation omitted). In addition, "the words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. Furthermore, since I suggest that Campbell cannot show prejudice from any alleged failures in his trial counsel's performance, the motion is one where "the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). I therefore suggest that Campbell is not entitled to a hearing on the allegations raised in his motion.

9

**III.     REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.

                                                     s/ Charles E. Binder
                                                     CHARLES E. BINDER
Dated: January 17, 2013                   United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Alonzo Devon Campbell # 40782-039, Oxford FCI, P.O. Box 1000, Oxford, WI 53952.

Date:  January 17, 2013                    By     s/Patricia T. Morris
                                                 Law Clerk to Magistrate Judge Binder