UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALONZO DEVON CAMPBELL,

           Petitioner,

v.           Case Number 07-20032
           Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

           Respondent.
_____/

**ORDER OVERRULING OBJECTIONS TO REPORT AND RECOMMENDATION**

On January 17, 2013, Magistrate Judge Charles E. Binder issued a report and recommendation (ECF No. 63) on Petitioner Alonzo Campbell's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (ECF Nos. 56). Judge Binder recommended that the Court deny the motion.

Petitioner asserts that he was served with a copy of the report and recommendation on January 21, 2013. *See* Pet'r's Objections 1, ECF No. 66. Under 28 U.S.C. § 636(b)(1), a party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendations. The district court will make a "de novo determination of those portions of the report . . . to which objection is made." *Id.* The Court is not obligated to review the portions of the report to which no objection was made. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).

In computing time, Federal Rule of Civil Procedure 6(a)(1)(A) provides, the Court is to "exclude the day of the event that triggers the period." As Petitioner asserts that he received the objections on January 21, 2013, his objections were due on February 5, 2013.

-1-

Having received no objections by February 6, 2013, the Court entered an order adopting the report and recommendation and denying Petitioner's motion. ECF No. 64. A judgment was entered that day as well. ECF No. 65.

On February 7, 2013, Petitioner filed his objections. Untimely made, the Court is under no duty to review the objections. Nevertheless, the Court has considered each of Petitioner's three objections. Each lacks merit.

First, Petitioner objects that the Court erred in not addressing Petitioner's argument that his mental health issues warranted a lower sentence. Petitioner raised this argument in the Sixth Circuit on direct appeal. The Sixth Circuit rejected it. "[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Here, there has been no such intervening change in the law.

Second, Petitioner objects that his sentence violates the Fair Sentencing Act of 2010 (FSA), which Petitioner asserts should apply retroactively on collateral review. The Sixth Circuit disagrees. *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010) (holding that a defendant convicted and sentenced before the FSA was enacted could not be resentenced according to its provisions); *accord United States v. McKeithan*, 437 F. App'x 148, 150 (3d Cir. 2011) ("[T]he Fair Sentencing Act of 2010 has not been made retroactive by the Supreme Court to cases on collateral review."). And this Court is obligated to follow the instructions of the Sixth Circuit.

Finally, Petitioner asserts that his counsel was ineffective "for not finding out first if petitioner was competent to plead guilty along with providing erroneous information on what the

sentence would be." Pet'r's Objections 4. As Judge Binder cogently observed, however, Petitioner has not established either deficient performance or prejudice. A defense "attorney's inaccurate prediction of what sentence [a defendant] would receive upon pleading guilty does not rise to the level of a gross mischaracterization of the likely outcome of the case, and thus does not constitute ineffective assistance of counsel." *Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990). Moreover, a proper plea colloquy "trump[s] such a prediction." *Valdez v. United States*, 201 F. App'x 324, 330 (6th Cir. 2006). Moreover, in his motion Petitioner did not allege that, but for counsel's advice, he would have gone to trial.

In sum, even if the objections had been timely made (which they were not), Petitioner has not identified any errors in the report and recommendation.

Accordingly, it is **ORDERED** that Petitioner's objections (ECF No. 66) are **OVERRULED**.

Dated: February 13, 2013

                                                          s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means and upon Alonzo Devon Campbell #40782-039 at Oxford FCI, P.O. Box 1000, Oxford, WI 53952 by first class U.S. mail on February 13, 2013.

                                  s/Tracy A. Jacobs
                                  TRACY A. JACOBS