UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                          Case No. 07-20032
                                                  Honorable Thomas L. Ludington

v.

ALONZO DEVON CAMPBELL,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE**

Alonzo Devon Campbell was sentenced to a term of 240 months' imprisonment for distributing crack cocaine. On June 17, 2014, Campbell filed a motion to reduce his sentence based on the retroactive application of the Fair Sentencing Act pursuant to 18 U.S.C. § 3582(c). Campbell's motion will be denied because application of the Fair Sentencing Act would not reduce his sentence.

I

The Anti-Drug Abuse Act of 1986 established severe penalties for the possession and distribution of crack cocaine. The disparity between the penalties for distributing crack cocaine and powder cocaine was dramatic: 100-to-1. As the Supreme Court observed, the Act "imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one-hundredth that amount of crack cocaine." *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012).

In 2010, Congress enacted the Fair Sentencing Act (FSA), which narrowed the disparity between sentences for crack cocaine offenders and powder cocaine offenders. Instead of 100-to-1, it now stands at 18-to-1. In other words, the FSA imposes upon an offender who dealt in

powder cocaine the same sentence it imposes upon an offender who dealt in one-eighteenth that amount of crack cocaine. The FSA took effect on August 3, 2010. *Id.* at 2329.

The Sixth Circuit originally concluded that the FSA did not affect the penalties associated with crimes committed before the statute's effective date. *See United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). But with *Dorsey*, the Supreme Court established that "Congress intended the [FSA's] new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." 132 S. Ct. at 2335. Accordingly, the proper guidelines to consider when sentencing a defendant are those in effect at the time of sentencing, not those in effect when the underlying crime was committed.

## II

On July 11, 2007, Campbell pleaded guilty to distributing approximately 5 grams of cocaine base. Rule 11 Agreement 1, ECF No. 23. A presentence report calculated Campbell's base offense level as 26. Although Campbell received a three-level reduction based on acceptance of responsibility, he qualified as a Career Offender pursuant to U.S.S.G. § 4B1.1, resulting in a Total Offense level of 34. Campbell's Career Offender status also raised his Criminal History Category to VI. The resulting guidelines range of imprisonment was 262 to 327 months. The presentence report also noted, however, that a mandatory minimum of 120 months applied. During Campbell's February 13, 2008, the Court noted that Campbell suffers from some mental health issues, and therefore there was "a predicate for the court's exercise of some level of discretion under 3553(a) for a downward departure from the guidelines calculated in the case." Febr. 13, 2008 Tr. 10-11, ECF No. 50. The Court sentenced Campbell to 240 months' imprisonment. *See* J. 2, ECF No. 37.

As noted above, in 2010 Congress enacted the FSA, which substantially reduced the mandatory minimums associated with crack cocaine offenders like Campbell. Subsequently, the Sentencing Commission amended the sentencing guidelines applicable to crack cocaine offenders. Campbell has filed a motion asserting that he is eligible for a sentence reduction pursuant to § 3582(c)(2).

But § 3582(c)(2) only allows for a sentence reduction when the sentence imposed was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Therefore, the threshold question is whether Campbell was sentenced based on a sentencing range that has been lowered—i.e., the crack cocaine guidelines.

Campbell claims that his sentence was not based on the Career Offender range, but instead the crack cocaine guidelines, which have been lowered since his sentencing. In support of his argument, Campbell cites to *United States v. Jackson*, 678 F.3d 442 (6th Cir. 2012). In *Jackson*, the defendant qualified as a career offender, but the district court varied downward after discussing its dissatisfaction with the pre-Amendment 750 crack cocaine disparity. *Id*. at 443. Thus, *Jackson* presented the unique and singular case where "a sentencing judge, having found a defendant to be a career offender, then decides to sentence defendant below the range for career offenders and notes his policy disagreement with the crack cocaine guidelines . . . ." *Id*. at 445. In those limited circumstances, "the sentence was as much 'based on' the crack cocaine guidelines as the career offender guidelines." *Id*. Subsequent Sixth Circuit panels have refused to expand *Jackson*'s holding beyond those extremely narrow circumstances. *See United States v. Riley*, 726 F.3d 756, 761 (6th Cir. 2013); *United States v. Johnson*, 570 F. App'x 560, 565 (6th Cir. 2014).

Campbell's situation is unlike the situation in *Jackson* in almost every respect. First, his sentence was based on the career offender range rather than the crack cocaine guidelines. After calculating his sentence under the career offender range guidelines, this Court then downward varied due to Campbell's mental health issues. Therefore, neither the calculation of Campbell's guideline range nor the downward variance was based on the crack cocaine guidelines. Second, the Court did not express a policy disagreement with the crack cocaine guidelines at Campbell's sentencing hearing. And finally, Campbell is not challenging his sentence on a direct appeal. Indeed, the Sixth Circuit has explained that such sentence reductions may only be appropriate on direct appeal:

> Most importantly, [defendant]'s case does not come to us in the unusual procedural posture of Jackson's—a direct appeal in the immediate wake of the Fair Sentencing Act after a district judge explicitly delayed sentencing in hopes of the Act's imminent passage. While this court found remand appropriate in the unique setting where "Amendment 750 was made retroactive during the pendency of Jackson's direct appeal," to employ the same tactic in a proceeding for the reduction of a sentence imposed over 15 years ago would not only rip *Jackson* from its contextual moorings, but would also conflict with our pre- and post-*Jackson* case law indicating that career offenders are not eligible for sentence reduction under Amendment 750 and similar amendments.

*Riley*, 726 F.3d at 761. Accordingly, the Campbell's factual circumstances are sufficiently distinguishable to make *Jackson*'s holding inapplicable.

Campbell's sentence was based on his status as a career offender and not on the crack cocaine guidelines. As such, Campbell's sentence was not based on a guidelines range that later changed, but rather a statutorily-imposed mandatory minimum. Because his motions for a reduction will be denied, Campbell's request for counsel is moot.

- 5 -

## III

Accordingly, it is **ORDERED** that Campbell's motion for retroactive application of the sentencing guidelines (ECF No. 68) is **DENIED**.

Dated: November 12, 2014             s/Thomas L. Ludington
                                     THOMAS L. LUDINGTON
                                     United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail and on Alonzo Devon Campbell, #40782039, USP Atlanta, P.O. Box 150160, Atlanta, GA 30315 by first class U.S. mail on November 12, 2014.

                         s/Tracy A. Jacobs
                         TRACY A. JACOBS