UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff,

v.

ALONZO DEVON CAMPBELL,

        Defendant.
_____/

Case No. 07-CR-20032
Honorable Thomas L. Ludington

**ORDER GRANTING DEFENDANT'S MOTION FOR TERMINATION OF SUPERVISED RELEASE**

On January 24, 2007, Defendant, Alonzo Campbell, was indicted by a grand jury on one count of knowingly and intentionally distributing cocaine, one count of knowingly and intentionally distributing cocaine base, one count of knowingly and intentionally possessing with intent to distribute cocaine, one count of maintaining a drug house, and three firearm offenses. ECF No. 3. Defendant pled guilty to one count of distribution of cocaine base and was sentenced to 240 months incarceration and eight years of supervised release. ECF No. 37. On October 6, 2016, Defendant's term of imprisonment was commuted by President Obama. ECF No. 76.

On January 4, 2021, Defendant filed a motion for early termination of supervised release. ECF No. 77. The Government filed a response on January 15, 2021. ECF No. 78.

**I.**

When imposing a sentence, a court may include a term of supervised release after imprisonment. 18 U.S.C. § 3583(a). The court may also later terminate the supervised release. 18 U.S.C. § 3583(e). The statute provides,

> (e) The court may, after considering the factors set forth in section 3553(a) . . . .
>> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

The factors from 18 U.S.C. 3553(a) that the Court must consider include:

> (1) history and characteristics of the defendant;
> (2) the need for the sentence imposed— . . .
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . .
> (4) the kinds of sentence and the sentencing range established for—
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the [Sentencing] guidelines— . . . or
>> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code . . .
> (5) any pertinent policy statement—
>> (A) issued by the Sentencing Commission . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

Federal Rule of Criminal Procedure 32.1(c) provides that, "before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has a right to counsel and an opportunity to make a statement and present any information in mitigation." A hearing is not required, however, if:

> (A) the person waives the hearing; or
> (B) the relief sought is favorable to the person and does not extend the term of probation or supervised release; and
> (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.

*Id.*

**II.**

Here, the relief sought is favorable to the Defendant, and the government indicated that they have no objection to the request. Accordingly, the Motion will be decided based on the papers. *See* Fed. R. Crim. P. 32.1(c)(2).

Defendant explains that while in prison he completed his GED and the BOP horticulture class. ECF No. 77. Since being on supervised release, he has complied with all requirements. *Id.* He lives in Florida and is employed at Amazon and Home Depot. *Id.*

The Government agrees that Defendant has a stable residence, has no new arrests and/or warrants, and has complied with the rules of supervised release. ECF No. 78. In addition, his Probation Officer believes Defendant no longer needs supervision. *Id.* The Probation Department's sole "reservation" is Defendant's career offender designation at sentencing. *Id.* However, the Government has no objection to early termination of supervised release.

Defendant has demonstrated to the satisfaction of his probation officer and without objection by the Government that he can be successful on supervised release. While he has only completed a little over 25% of his supervised release, his Probation Officer believes he no longer needs supervision. Considering the facts discussed above and the factors set forth in section 3553(a)(1)-(7), the Court is satisfied that the conduct of Defendant and the interest of justice warrant early termination of Defendant's supervised release. *See* 18 U.S.C. § 3583(e)(1).

- 4 -

## III.

Accordingly, it is **ORDERED** that Defendant's Motion for Early Termination of Supervised Release, ECF No. 77, is **GRANTED**.


Dated: January 28, 2021				s/Thomas L. Ludington
						THOMAS L. LUDINGTON
						United States District Judge